IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |  |
|---|---|---|
| ROB BOWLER and JANA BOWLER; | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 11-6037-HO |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES BUREAU OF LAND MANAGEMENT; | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Introduction

Plaintiffs move for an order enjoining the defendant United States Bureau of Land Management (BLM) from proceeding with the Tioga Bridge and Susan Creek Day-Use area project located in the Roseburg BLM district in Douglas County, Oregon. [#18]. Plaintiffs also move the court to issue the injunction without requiring them to post a bond. [#21]

Defendant BLM opposes plaintiffs' motions arguing: (1) that plaintiffs are private landowners who should be required to post

1 - ORDER

a bond because they are asserting their own rather than the general public's interest in this litigation and (2) their motion for preliminary injunction must fail because they have failed to challenge the final agency decision-maker[1]; namely, the U.S. Interior Department's Interior Board of Land Appeals (IBLA).[2] [#26; #27].

Plaintiffs Rob Bowler and Jana Bowler (Bowlers) bring this action under the Administrative Procedures Act (APA) against defendant BLM alleging violations of the National Environmental Policy Act (NEPA), for failure to: (1) adequately disclose and analyze environmental impacts, (2) prepare an environmental impact study (EIS), (3) adequately analyze an adequate range of alternatives, (4) meet the purpose and need of the Tioga Bridge Project and (5) to prepare a supplemental NEPA analysis. [#1-pp.11-18]. Plaintiffs also allege that the BLM violated the Wild and Scenic Rivers Act (WSRA) and the aquatic conservation strategy of the Federal Land Policy and Management Act (FLPMA). [#1-pp.18-21].

1. <u>Tioga Bridge and Susan Creek Day-Use Area Project</u>:

The Tioga Bridge and Susan Creek Day-Use area project

---

[1]  While the parties have indicated they have discussed which agency should be named, to date there has been neither a motion for leave to amend filed nor an amended complaint.

[2]  On October 28, 2010, the IBLA decision affirmed the BLM's decision and Finding of No Significant Impact (FONSI). [#27-p.6-AR 68-81].

2 - ORDER

(Tioga Project), involves: (1) the placement of a non-motorized trail bridge on existing concrete piers across the North Umpqua river; (2) construction of a 0.83 mile nonmotorized trail paralleling Highway 138 and the river (Emerald Trail) and a small bridge for this path; (3) minor realignment of approximately 400 feet of Highway 138; (4) minor modifications to the North Umpqua trail and (5) installation of a gazebo on a restroom facility lawn. [#27-p.1; #28]. Geotechnical drilling has been done[3] and most of the Emerald Trail has already been roughed in with shrubs and small trees(mostly 1-3 inches in diameter - one had an 8-inch diameter), removed. [#27-p.1; #29-p.2].

BLM states it does not intend to remove any more trees until October 2011. [#27-p.1]. Scheduled work between now and October 2011, includes placing the gazebo in a grassy area within the developed Susan Creek Day-Use area and finishing the Emerald Trail by removing the ground vegetation and covering the trail with the already delivered gravel.[4] [#27-p.2; #29-pp.2-3].

---

[3]   The core drilling was done to analyze the subsurface structure below the Susan Creek construction site in September and October 2010. [#29-pp.3-4]. Holes were drilled at least 10 feet from the top edge of the stream bank and were refilled after the sampling was completed. *Id.*

[4]   The path will be surfaced with gravel by BLM staff and the Northwest Youth Corps so that the trail will conform to accessibility standards for disabled persons. [#29-p.2].

3 - ORDER

Tree removal of approximately 62-64 trees by the BLM and Oregon Department of Transportation (ODOT), to enable installation of the Tioga bridge and realignment of Highway 138, is scheduled for October 2011. [#20-p.4; #27-p.2;#28-pp.3-4]. The highway realignment will be completed by ODOT in the summer of 2012. *Id.* The bridge placement is scheduled for the 2012 summer as well. *Id.*

The Tioga Project dates back to 1992, when the North Umpqua River Management Plan (NURMP) proposed a potential bridge over the Umpqua River at Susan Creek[5]. [#27-p.3]. This bridge would bisect the 16-mile Tioga segment of the North Umpqua trail. *Id.*

In 2007, BLM began negotiating to buy 50 acres in the Susan Creek area from Douglas County and in 2008, purchased the land for this project from the county. [#27-p.4] On July 21, 2009, BLM issued an Environmental Assessment (EA) for the Tioga Project[6] analyzing a "no action" alternative and discussing five other alternatives including placing the bridge at the Susan Creek campground (plaintiffs' preferred location). [#27-p.4; #36].

On May 18, 2010, BLM issued a Decision document (Decision)

---

[5] The NURMP did not specifically designate the exact location of the bridge.

[6] A flood in 1964 destroyed the old bridge used for motorized travel leaving the existing concrete piers on which BLM proposes to place the Tioga Bridge which would be used for foot traffic. [#27-p.4].

4 - ORDER

authorizing some of the projects identified in the EA and a Finding of No Significant Impact (FONSI) in which the BLM assessed each of ten NEPA significant factors and concluded that an Environmental Impact Statement (EIS) was not required. [#27-pp.5-6]. Plaintiffs appealed the Decision to the U.S. Interior Department's Interior Board of Land Appeals[7] (IBLA) which on October 28, 2010, affirmed the BLM Decision and FONSI. *Id.*

## Discussion

Plaintiffs' current Motion for a Preliminary Injunction seeks to enjoin the BLM's "ground disturbing activities" for the Tioga Project. [#18]. Plaintiffs allege that they will suffer irreparable harm from injury to their:

> "educational, recreational and scientific activities including fly fishing, scenic beauty, rafting, hiking, photography and observing wildlife including Bald eagles and Spotted Owls . . .because the project would degrade water quality, diminish aesthetic and recreational value and harm fish and wildlife in and around the project area."

[#16; #17].

The BLM argues that plaintiffs have not demonstrated a likelihood of success because they have failed to challenge the October 2010, IBLA decision which is the only final agency action for the Tioga Project. [#27-p.9]. BLM contends that

---

[7] The BLM is a part of the Department of Interior for which the IBLA makes final decisions in appeals relating to the use and disposition of public lands. 43 C.F.R. §4.1(b)(3)(I). A decision by the IBLA shall constitute final agency action. 43 C.F.R. §4.403.

5 - ORDER

while it pointed out this issue to plaintiffs' counsel in April 2011, and plaintiffs' responded in June 2011 that they would shortly file an amended complaint, thus far that has not happened. Plaintiffs' counsel filed a declaration on July 18, 2011, asserting that she was awaiting a response to her attempt to confer with BLM counsel regarding the proposed amended complaint. [#33]

### 1. Preliminary Injunction:

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 31 (2008). To obtain a preliminary injunction, plaintiffs "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir 2009)(*citing Winter*, 555 U.S. at 24-25)).

Under the Administrative Procedures Act (APA) only a "final agency action" is subject to judicial review. 5 U.S.C. §704. In this instance, plaintiffs have unsuccessfully challenged the BLM Decision to the IBLA which affirmed the BLM Decision and FONSI. Thus, the IBLA decision is the final agency action that

6 - ORDER

plaintiffs may challenge in this court. Because the IBLA is not a party to this suit, plaintiffs have failed to satisfy the first necessary element, demonstrating a likelihood of success on the merits.

## Conclusion

For the foregoing reasons, plaintiffs' Motion for a Preliminary Injunction [#18] is DENIED. Plaintiffs' motion to waive bond [#21] is DENIED as moot.

IT IS SO ORDERED.

DATED this ___1st___ day of August, 2011.

_Michael R. Hagan_
United States District Judge

7 - ORDER